Filed 1/22/26  In re V.S. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re V.S., a Person Coming Under the Juvenile Court Law. | B342510 <br><br> (Los Angeles County  Super. Ct. Nos: DK22355, DK22355B ) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br>          Plaintiff and Respondent.<br>          v.<br> V.S.,<br><br>          Appellant. | |

APPEAL from order of the Superior Court of Los Angeles County, Tiana J. Murillo, Judge.  Reversed and remanded with instructions.

Christopher R. Booth, under appointment by the Court of Appeal, for Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Peter Ferrera, Principal Deputy County Counsel, for Plaintiff and Respondent.

**MEMORANDUM OPINION[1]**

Mother Vanessa S. challenges the juvenile court's finding that the Los Angeles Department of Children and Family Services (DCFS) complied with the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA) and corresponding California law.  We find that DCFS failed to comply with its statutory duty to inquire of Mr. L., one of V.'s two legal guardians, about whether V. may be an Indian child.  We find no error with respect to mother's other contentions.  We therefore conditionally reverse and remand for the limited purpose of completing an inquiry of V.'s guardian, Mr. L.

The background of this case is discussed in *In re V.S.* (2024) 104 Cal.App.5th 1154.  V. was removed from mother at the time of her birth in March 2017.  (*Id*. at p. 1158.)  By April 2018, V. was living with maternal great-aunt Ms. L. and her husband, Mr. L.  V. has remained living with the L.s; they were appointed her legal guardians in May 2019, and they want to adopt her.

Throughout the case, mother and V.'s father denied any Indian ancestry.  They both denied any Indian ancestry in 2017

---

[1]     We resolve this case by memorandum  opinion.  (Cal. Stds. Jud. Admin., § 8.1.)  We do not recite the factual and procedural background because our opinion is unpublished and the parties are familiar with the facts of the case and its procedural history. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].) Undesignated statutory references are to the Welfare and Institutions Code.

in response to DCFS's initial questions and on ICWA-020 forms filed with the juvenile court. In 2017 the juvenile court ordered paternity testing; as a result of the test, father was deemed V.'s presumed and biological father. The court held there was no reason to know that V. was an Indian child, and instructed the parents to advise DCFS of any new information relating to possible ICWA status.

Family reunification services were terminated in April 2018. Father died in May 2019; his death certificate lists him as "Mexican American" and "Hispanic."

Meanwhile, section 224.2 became effective in January 2019; it "codifies and expands on ICWA's duty of inquiry to determine whether a child is an Indian child." (*In re Dezi C*. (2024) 16 Cal.5th 1112, 1131 (*Dezi C*.).) "Section 224.2, subdivision (b) specifies that once a child is placed into the temporary custody of a county welfare department, the duty to inquire 'includes, but is not limited to, asking the child, parents, legal guardian, [and] extended family members . . . whether the child is, or may be, an Indian child.'" (*Id*. at p. 1132.)

In 2023, while the previous appeal was pending, DCFS made further ICWA-based inquiries. In July 2023, it asked Ms. L. about Indian ancestry; after initially stating that she was not sure, Ms. L. denied any such ancestry. DCFS also asked mother, maternal grandmother, and a paternal aunt; all denied Indian ancestry for anyone in their families. Notably, DCFS did not inquire of Mr. L. At a hearing on August 21, 2023, the juvenile court asked mother if she had any new information about Indian ancestry; mother said no.

Following remand after the previous appeal, the juvenile court terminated parental rights on November 7, 2024. It found

that ICWA did not apply, and that the plan of the L.s adopting V. was an appropriate permanent plan.

Mother appealed.  She now contends that DCFS failed to make ICWA inquiries of certain extended family members. Mother argues that DCFS was "aware of, had contact information for, failed to seek contact, or contacted but simply made no ICWA inquiry of" maternal great-aunt, S.G., with whom V. lived for the first year of her life; Mr. L.; V.'s paternal grandmother; and unnamed "maternal cousins."  Mother asserts that the juvenile court "failed to ensure [DCFS] fulfilled its duty of initial and ongoing inquiry under section 224.2."

With the exception of Mr. L., mother has not demonstrated error.  Mother's single-sentence argument lists multiple family members, followed by 23 citations to the record.[2]  Sixteen of mother's citations are to Ms. L.'s documentation about mother's visits with V. outside of DCFS's presence.  These pages do not suggest that DCFS had contact with, or contact information for, V.'s relatives.  "'The operative concept'" of the ongoing ICWA inquiry "'is those people who are reasonably available to help the agency with its investigation into whether the child has any potential Indian ancestry should be asked.'" (*Dezi C., supra*, 16 Cal.5th at p. 1140.)  This does not "creat[e] a limitless or even a significantly burdensome new duty"; rather, the "Legislature's intent . . . was that agency caseworkers ask an added question of extended family members whom caseworkers often already are investigating in their usual course of work."  (*In re S.S.* (2023) 90

---

[2]    Mother's opening brief includes an extensive discussion about ICWA generally, but does not connect the cited authority with the facts of this case other than to state, in conclusory fashion, that ICWA requirements were not met here.

Cal.App.5th 694, 704-705; see also *In re Q.M.* (2022) 79 Cal.App.5th 1068, 1082 ["we cannot ask the agency to intuit the names of unidentified family members or to interview individuals for whom no contact information has been provided"].)

Six of mother's citations involve proceedings in 2017 and 2018, shortly after V.'s birth and before section 224.2 became effective on January 1, 2019. Although the duty of inquiry continues throughout the dependency proceedings (*Dezi C., supra*, 16 Cal.5th at p. 1132), mother has not demonstrated error by pointing out that in 2017 and 2018 DCFS failed to meet the requirements of a law that was not yet in effect. In addition, neither these record citations nor mother's argument suggest that DCFS had continued contact with these family members. Thus, these citations do not support mother's argument that DCFS failed to meet its burden of inquiry under section 224.2.

The final remaining record citation is a June 2023 letter from Mr. L. asking that his family be allowed to adopt V. Mr. L. has been one of V.'s two legal guardians since 2019. The plain language of section 224.2, subdivision (b)(2) states, "Inquiry includes . . . asking the . . . legal guardian. . . whether the child is, or may be, an Indian child . . . ." DCFS failed to do this. We therefore remand the case to allow DCFS to complete this inquiry. (See *Dezi C., supra*, 16 Cal.5th at p. 1145 ["when an initial Cal-ICWA inquiry is inadequate, conditional reversal is warranted in order to develop the record and cure the inadequacy"].)

## DISPOSITION

The juvenile court's November 7, 2024 order is conditionally reversed. The matter is remanded to the juvenile court for compliance with ICWA as it pertains to V.'s guardian

5

Mr. L. If the juvenile court thereafter finds a proper and adequate further inquiry has been conducted as to Mr. L. and concludes ICWA does not apply, the court shall reinstate the order terminating parental rights. If the juvenile court concludes ICWA applies, it shall proceed in conformity with ICWA and California implementing provisions.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

COLLINS, J.

We concur:

ZUKIN, P. J.

TAMZARIAN, J.

6